5/14/2020 12:24 PM
20CV18193

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **ERIN O'BRIEN**, <br><br> Plaintiff, <br><br> v. <br><br> **MODA HEALTH PLAN, INC.**, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> Oregon Equal Pay Act, ORS 652.220; Equal Pay Act of 1963, 29 U.S.C. § 206(d); Unlawful Employment Practices on the Basis of Sex, ORS 659A.030(1); and Title VII of the Civil Rights Act of 1964: Employment Discrimination on the Basis of Sex, 42 U.S.C. § 2000e-2(a). <br><br> Amount Claimed:  $917,072.00 <br><br> **Jury Trial Requested** <br> **(Not Subjected to Mandatory Arbitration)** <br><br> (Fee Authority: ORS 21.160(1)(c)) |

Plaintiff Erin O'Brien demands a jury trial and alleges:

1.

Plaintiff, Erin O'Brien (hereinafter "O'Brien"), is, and at all material times was a citizen of Multnomah County, State of Oregon. At all times relevant to this complaint, plaintiff was an employee of defendant Moda Health Plan, Inc. (hereinafter "Moda"). Plaintiff is an employee, pursuant to ORS 659A.001(3), ORS 652.210(2), 29 C.F.R. § 1620.2 and 29 C.F.R. § 1620.3, as well as a "person" pursuant to ORS 659A.001(9)(a), 42 U.S.C. § 2000e(a).

Page  1 –  COMPLAINT

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 1 of 15

2.

Defendant Moda is a domestic corporation with a principal place of business located at 601 SW 2nd Avenue, Portland, Oregon 97204. Defendant is an "employer" pursuant to ORS 659A.001(4), 42 U.S.C. § 2000e(a), ORS 652.210(3)(a) and 29 C.F.R. § 1620.8, as well as a "person" pursuant to ORS 659A.001(9)(a) and 42 U.S.C. § 2000e(b).

3.

On November 19, 2019, plaintiff dually filed an administrative complaint for unlawful employment practices with the Oregon Bureau of Labor and Industries (BOLI), Case No. EEEMRE191119-11774, and the Equal Employment Opportunities Commission (EEOC), Case No. 38D-2020-00220C, and has exhausted her administrative remedies. On April 22, 2020, plaintiff withdrew the administrative complaints and requested 90-day right to sue letters to pursue plaintiff's federal and state equal pay act and sex discrimination claims in court.

**FIRST CLAIM FOR RELIEF**
**Oregon Equal Pay Act, ORS 652.220**

4.

Plaintiff incorporates by reference the allegations in paragraphs 1-3 above.

5.

Plaintiff is female.

6.

On or about October 10, 2016, plaintiff was hired as the Director of Marketing and Brand Management for defendant Moda.

///

Page 2 – COMPLAINT

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 2 of 15

7.

During times relevant to this complaint, plaintiff managed a team of 13 employees to implement defendant's marketing strategies and business goals, including digital branding via the web, social media, email and other digital promotions.

8.

In 2016, defendant Moda also hired a male employee as the Director of UX, who was tasking with creating and maintaining defendant's digital presence and to support the marketing goals and strategies developed in conjunction with plaintiff's department.

9.

The UX and Marketing Directors' job duties significantly overlap because of their mutual goals to widely publicize defendant's products and services. Plaintiff and the UX Director met weekly to discuss and coordinate their work.

10.

In plaintiff's capacity as Marketing Director, plaintiff supervised a larger group of employees than the UX Director. Plaintiff's employees managed the work being developed by the UX Director and his employees.

11.

During periods relevant to the complaint, plaintiff and the UX Director were both directly supervised by Mehdi Tabrizi, who is male.

///

///

Page  3 –  COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 3 of 15

12.

Supervisor Tabrizi was hyper-critical of females in the organization, would speak over women during meetings and appropriate their ideas as his own. Tabrizi further criticized plaintiff for being overly-aggressive in seeking promotion and advancement. On one occasion, Tabrizi commented to plaintiff that it must be difficult to travel for work due to her family obligations. To plaintiff's knowledge, supervisor Tabrizi did not make similar comments to her male counterparts.

13.

In September 2017, and January and June 2018, plaintiff met with the Vice President of Human Resources (HR VP), Mary Lou True, the Executive Vice President, Steve Wynne, to report supervisor Tabrizi's discriminatory workplace conduct towards women. Plaintiff's requests for these meetings was prompted by numerous complaints that she received from female co-workers and based on plaintiff's own experiences of workplace discrimination by supervisor Tabrizi.

14.

In January 2019, plaintiff again met with Human Resources to report ongoing concerns about Tabrizi's discriminatory workplace conduct towards female employees.

15.

On information and belief, defendant's Human Resources eventually launched an investigation, over a year after plaintiff' initial reporting, into plaintiff's reporting of workplace discrimination and interviewed several female employees who had voiced similar concerns.

Page 4 – COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 4 of 15

16.

As a result of plaintiff's reporting of workplace discrimination, Human Resources recommended that plaintiff and her supervisor, Tabrizi, work with an executive coach to mediate their relationship.

17.

During the process of finalizing performance evaluations for her team in 2019, plaintiff requested that Human Resources provide her with salary information for her staff to ensure that she was setting salary levels equitably among staff and new hires.

18.

On June 20, 2019, Human Resources inadvertently sent plaintiff a company-wide compensation report for all of defendant's employees instead. In reviewing the report, plaintiff discovered that her male counterpart, the UX Director, received a yearly salary which was $52,134 higher than plaintiff's annual salary for work of comparable character. Plaintiff immediately notified the VP of HR about the inadvertent disclosure of a company-wide compensation report.

19.

On July 1, 2019, plaintiff returned from a work trip and discovered that a meeting had been set on her calendar by HR VP True. During the meeting, HR VP True aggressively confronted plaintiff about her retention of the compensation report. True advised plaintiff that IT had tracked plaintiff's email and insisted that plaintiff delete the compensation report while standing over plaintiff' shoulder, which plaintiff complied with. True admitted that plaintiff's

Page 5 – COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 5 of 15

supervisor, Tabrizi, was aware of the pay disparity between plaintiff's salary and the UX Director's salary.

20.

On July 1, 2019, plaintiff sent a follow-up communication to HR VP True and reiterated her request that her pay be equalized with her male counterpart's salary because they performed comparable work.

21.

On July 19, 2019, the HR VP True called another meeting, this time with plaintiff's supervisor present. Supervisor Tabrizi conveyed his disappointment in plaintiff for raising pay inequities. HR VP True advised plaintiff that defendant would not equalize plaintiff's salary with the UX Director's salary.

22.

In August 2019, plaintiff received a performance evaluation from supervisor Tabrizi in which he recommended that plaintiff continue to work with an executive coach despite no prior history of performance issues.

23.

On December 4, 2019, plaintiff resigned her employment, after securing subsequent employment, due to her employer's failure to correct her discriminatory workplace environment, based on sex, and ongoing pay inequities due to her gender.

///

///

Page  6 –  COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 6 of 15

24.

Based on information and belief, defendant pays women less than men for comparable work.

25.

Based on information and belief, defendant has not commissioned a pay equity study.

27.

Defendant's failure to correct plaintiff's discriminatory workplace conditions, including but not limited to pay inequities, amounted to constructive discharge.

28.

In violation of ORS 652.220(1)(b), defendant paid wages to plaintiff at a rate less than that at which defendant paid wages to a male employee for work of comparable character, the performance of which required comparable skills.

29.

On information and belief, in violation of ORS 652.220(1)(a), defendant discriminates between the sexes in the payment of wages for work of comparable character, the performance of which requires comparable skills.

30.

Pursuant to ORS 652.230(1), plaintiff seeks the recovery of the amount of unpaid wages to which plaintiff is entitled, for the one year period preceding the filing of a BOLI complaint, in the amount of $52,134.00, and an additional equal amount as liquidated damages.

///

Page  7 –  COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 7 of 15

31.

Pursuant to ORS 652.235(1), plaintiff seeks compensatory damages, in the amount of $250,000.00, for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation.

32.

Pursuant to ORS 652.230(2), plaintiff seeks reasonable attorney fees, costs and disbursements.

33.

Plaintiff hereby gives notice of intent to amend the complaint to seek punitive damages pursuant to ORS 652.235(1).

**SECOND CLAIM FOR RELIEF**
**Equal Pay Act of 1963, 29 U.S.C. § 206(d)**

34.

Plaintiff incorporates by reference the allegations in paragraphs 1-27 above.

35.

In violation of 29 U.S.C. § 206(d), defendant discriminated against plaintiff, on the basis of sex, by paying wages to plaintiff, and on information and belief, other female employees, at a rate less than the rate at which defendant pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

///

///

Page 8 – COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 8 of 15

36.

Defendant's failure to compensate plaintiff and other female employees was a willful violation.

37.

Pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 255, plaintiff requests unpaid wages, in the amount of $156,402.00, and an equal amount in liquidated damages, for the prior three (3) year period.

38.

Pursuant to 29 U.S.C. § 216(b), plaintiff seeks reasonable attorney fees and costs to litigate this action.

### THIRD CLAIM FOR RELIEF
### Unlawful Employment Practices on the Basis of Sex, ORS 659A.030(1)

39.

Plaintiff incorporates by reference the allegations in paragraphs 1-27 above.

40.

In violation of ORS 659A.030(1)(b), defendant discriminated against the plaintiff in compensation or in terms, conditions or privileges of employment by:

(A) maintaining a hostile work environment, which was severe and pervasive, on the basis of sex;

(B) failing to promptly investigate, and take immediate and appropriate corrective action against plaintiff's supervisor for his actions to create a discriminatory work environment;

Page 9 – COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 9 of 15

(C)   compensating men and women differently based on their sex; and

(D)   failing to take action to eliminate discriminatory workplace conditions.

41.

Pursuant to ORS 659A.885(1), plaintiff requests economic damages for unpaid wages, in the amount of $104,268.00, and other benefits of employment, for the two year period immediately preceding the filing of a complaint, plus interest, and continuing to accrue.

42.

Pursuant to ORS 659A.885(3)(a), plaintiff requests compensatory damages, in the amount of $250,000.00, for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation.

43.

Plaintiff hired legal counsel to prosecute her claim and is entitled to reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885(1).

44.

Plaintiff hereby gives notice of intent to amend the complaint to seek punitive damages pursuant to ORS 659A.885(3)(a).

**FOURTH CLAIM FOR RELIEF**
**Employment Discrimination on the Basis of Sex, 42 U.S.C. § 2000e-2(a)**

45.

Plaintiff incorporates by reference the allegations in paragraphs 1-27 and 40 above.

///

///

Page  10 –  COMPLAINT

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 10 of 15

46.

In violation of 42 U.S.C. § 2000e-2(a), defendant discriminated against plaintiff, on the basis of sex, as by:

(A) limiting, segregating, or classifying plaintiff in ways which deprived plaintiff of employment opportunities or otherwise adversely affect her status as an employee, because of her sex;

(B) by discriminating against plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her sex, and

(C) by constructively discharging her.

47.

Pursuant to 42 U.S.C. § 2000e(5)(g), plaintiff is entitled to economic damages, including but not limited to unpaid wages, in the amount of $104,268.00, for the two year period immediately preceding the filing of a complaint, and other out-of-pocket expenses, plus interest, and continuing to accrue, for the prior two year period.

46.

Pursuant to 42 U.S.C. § 1981a(a)(1), plaintiff is entitled to compensatory damages, in the amount of $250,000.00 for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation.

47.

Pursuant to 42 U.S.C. § 2000e(5)(k), plaintiff seeks reasonable attorney fees, costs, expert fees and disbursements.

Page 11 – COMPLAINT

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 11 of 15

48.

**WHEREFORE**, plaintiff prays for judgment as follows:

1.  Order defendant to make plaintiff whole by compensating her for economic damages, unpaid wages, liquidated damages and other benefits of employment as follows, or in amount to be determined at trial:

    A.  For Claim No. 1, Oregon Pay Equity Act, $52,134.00;

    B.  For Claim No. 2, Federal Equal Pay Act, $156,402.00;

    C.  For Claim No. 3, ORS 659A.030 claim, $104,268.00; and

    D.  For Claim No. 4, Title VII claim, $104,268.00.

2.  Order defendant to make plaintiff whole by compensating her for non-economic damages for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation, for each of claims 1, 3 and 4, in the amount of $250,000.00; and

3.  Attorney fees, prevailing party fees, expenses, disbursements, expert witness fees, pursuant to ORS 652.230(2), ORS 659A.885(1), 42 U.S.C. § 2000e(5)(k) and 29 U.S.C. § 216(b); and

///

///

///

///

///

Page 12 – COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 12 of 15

4. Any other relief the Court deems appropriate.

Dated this 14th day of May, 2020.

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**

/s/Diane S. Sykes
Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
diane@dianessykeslaw.com
Ph: 503-504-7176
Fax: 503-432-8031

Of Attorney for Plaintiff Erin O'Brien

Trial Attorney: Diane S. Sykes, OSB No. 980990

Page 13 – COMPLAINT

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 13 of 15

5/20/2020 2:40 PM
20CV18193

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| ERIN O'BRIEN, | Case No. 20CV18193 |
| Plaintiff, | **ACCEPTANCE OF SERVICE** |
| v. | |
| MODA HEALTH PLAN, INC., | |
| Defendant. | |

I, Andrew M. Schpak, Attorney for Moda Health Plan, Inc. do hereby certify that I am counsel for defendant Moda Health Plan, Inc., with respect to this matter and that I am authorized to and do hereby accept service of the Complaint and Summons, on behalf of defendant Moda Health Plan, Inc.

///

///

///

///

///

Page 1 – ACCEPTANCE OF SERVICE

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 14 of 15

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED this 19th day of May, 2020.

ATTORNEY FOR MODA HEALTH PLAN, INC.

_____
Andrew J. Schpak, Attorney for Moda Health Plan, Inc.
OSB # 044080

Page 2 – ACCEPTANCE OF SERVICE

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

Exhibit 1
Page 15 of 15