Diane S. Sykes, OSB No. 980990
diane@dianessykeslaw.com
**Diane S. Sykes,**
**Attorney at Law, P.C.**
5911 SE 43rd Avenue
Portland, Oregon 97206
Telephone: 503-504-7176

Of Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| **ERIN O'BRIEN,**<br><br>            Plaintiff,<br><br>    v.<br><br>**MODA PARTNERS, INC., MODA INC., dba MODA HEALTH, MODA HEALTH SERVICES, LLC AND MODA HEALTH PLAN, INC.**<br><br>            Defendants. | Case No. 3:20-cv-00888-BR<br><br>**AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF**<br><br>Equal Pay Act of 1963, 29 U.S.C. § 206(d); Title VII of the Civil Rights Act of 1964: Employment Discrimination on the Basis of Sex, 42 U.S.C. § 2000e-2(a); Oregon Equal Pay Act, ORS 652.220; and Unlawful Employment Practices on the basis of Sex, ORS 659.030(1)<br><br>Amount Claimed:  $917,072.00<br><br>**Jury Trial Requested** |

## NATURE OF THE CASE

1.      Plaintiff, Erin O'Brien, brings this action under the federal Equal Pay Act (EPA) for defendants' failure to pay equal pay to employees of the opposite sex for equal work, pursuant to 29 U.S.C. § 206(d).

2.     Plaintiff brings this action for discrimination in employment, on the basis of sex, for defendant's discrimination against plaintiff in terms and conditions of employment and for classifying plaintiff in ways which deprived her of employment opportunities, pursuant to 42 U.S.C. § 2000e-2(a).

3.     Plaintiff brings state-law equivalent claims for Oregon Equal Pay Act violations, pursuant to ORS 652.220, and for unlawful employment practices, on the basis of sex, pursuant to ORS 659A.030(1).

## JURISDICTION AND VENUE

4.     This court has jurisdiction, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3), as the complaint raises a federal question.

5.     The federal claims herein have substance sufficient to confer subject matter jurisdiction.

6.     This court has jurisdiction over plaintiff's state law claims pursuant to supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a).

7.     Actions complained of herein took place within the jurisdiction of the United States District Court, District of Oregon. Accordingly, venue in this judicial district is proper under 28 U.S.C. § 1391.

8.     On November 19, 2019, plaintiff dually filed an administrative complaint for unlawful employment practices with the Oregon Bureau of Labor and Industries (BOLI), Case No. EEEMRE191119-11774, and the Equal Employment Opportunities Commission (EEOC),

Case No. 38D-2020-00220C, and has exhausted her administrative remedies.

## PARTIES

9.     Plaintiff, Erin O'Brien (hereinafter "O'Brien"), is, and at all material times was a citizen of Multnomah County, State of Oregon. At all times relevant to this complaint, based on information and belief, plaintiff was an employee of defendants Moda Partners, Inc., Moda Inc., dba Moda Health, Moda Health Plan, Inc. and Moda Health Services, LLC (hereinafter "Moda"). Plaintiff is an employee, pursuant to 29 C.F.R. § 1620.2 and 29 C.F.R. § 1620.3, 42 U.S.C. § 2000e(a), ORS 659A.001(3) and ORS 652.210(2), as well as a "person" pursuant to ORS 659A.001(9)(a).

10.    Defendant Moda Partners, Inc. is a foreign business corporation with a principal place of business located at 601 SW 2nd Avenue, Portland, Oregon 97204.

11.    Defendant Moda Inc., dba Moda Health, is a domestic corporation with a principal place of business located at 601 SW 2nd Avenue, Portland, Oregon 97204.

12.    Moda Health Plan, Inc. is a domestic business corporation with a principal place of business located at 601 SW 2nd Avenue, Portland, Oregon 97204.

13.    Moda Health Services, LLC is a domestic business corporation with a principal place of business located at 601 SW 2nd Avenue, Portland, Oregon 97204.

14.    Defendants are "employers" pursuant to 42 U.S.C. § 2000e(a), 29 C.F.R. § 1620.8, ORS 659A.001(4) and ORS 652.210(3)(a), as well as a "person" pursuant to 42 U.S.C. § 2000e(b) and ORS 659A.001(9)(a).

## FACTUAL ALLEGATIONS

15. Plaintiff is female.

16. On or about October 10, 2016, plaintiff was hired as the Director of Marketing and Brand Management for defendants (collectively referred to as "Moda").

17. During times relevant to this complaint, plaintiff managed a team of 13 employees to implement defendants' marketing strategies and business goals, including digital branding via the web, social media, email and other digital promotions.

18. In 2016, defendants hired a male employee as the Director of UX who was tasked with creating and maintaining defendant's digital presence and to support the marketing goals and strategies developed in conjunction with plaintiff's department.

19. The UX and Marketing Directors' job duties significantly overlap because of their mutual goals to widely publicize Moda's products and services. Plaintiff and the UX Director met weekly to discuss and coordinate their work.

20. In plaintiff's capacity as Marketing Director, plaintiff supervised a larger group of employees than the UX Director. Plaintiff's employees managed the work being developed by the UX Director and his employees.

21. During periods relevant to the complaint, plaintiff and the UX Director were both directly supervised by defendant's Marketing Vice President Mehdi Tabrizi, who is male.

22. Marketing VP Tabrizi was hyper-critical of females in the organization, would speak over women during meetings and appropriate their ideas as his own. Tabrizi further criticized

Page 4 **AMENDED COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

plaintiff for being overly-aggressive in seeking promotion and advancement. On one occasion, Tabrizi commented to plaintiff that it must be difficult to travel for work due to her family obligations. To plaintiff's knowledge, Tabrizi did not make similar comments to her male counterparts.

23. In September 2017, and January and June 2018, plaintiff met with the Vice President of Human Resources (HR VP), Mary Lou True and Executive Vice President, Steve Wynne, to report supervisor Tabrizi's discriminatory workplace conduct towards women. Plaintiff's requests for these meetings was prompted by numerous complaints that she received from female co-workers and based on plaintiff's own experiences of workplace discrimination by supervisor Tabrizi.

24. In January and February 2019, plaintiff again met with Human Resources to report ongoing concerns about Tabrizi's discriminatory workplace conduct towards female employees.

25. On information and belief, defendant's Human Resources eventually launched an investigation into plaintiff's reporting of workplace discrimination, over a year after plaintiff' initial reporting, and interviewed several female employees who voiced similar concerns.

26. As a result of plaintiff's reporting of workplace discrimination, Human Resources recommended that plaintiff and her Marketing VP Tabrizi work with an executive coach to mediate their relationship.

27. During the process of finalizing performance evaluations for her team in 2019,

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

plaintiff requested that Human Resources provide her with salary information for her staff to ensure that she was setting salary levels equitably among staff and new hires after plaintiff became aware that a male employee received a significantly higher salary than his female counterpart who was performing comparable work in plaintiff's department.

28. On June 20, 2019, Human Resources inadvertently sent plaintiff a company-wide compensation report for all of defendants' employees instead. In reviewing the report, plaintiff discovered that her male counterpart, the UX Director, received a yearly salary which was $52,134 higher than plaintiff's annual salary for work of equal and comparable character. Plaintiff immediately notified HR VP Mary Lou True about the inadvertent disclosure of a company-wide compensation report.

29. On July 1, 2019, plaintiff returned from a work trip and discovered that a meeting had been set on her calendar by HR VP True. During the meeting, HR VP True aggressively confronted plaintiff about her retention of the company-wide compensation report. True advised plaintiff that IT had tracked plaintiff's email and insisted that plaintiff delete the compensation report while standing over plaintiff' shoulder, which plaintiff complied with. True admitted that plaintiff's supervisor, Tabrizi, was aware of the pay disparity between plaintiff's salary and the UX Director's salary.

30. On July 1, 2019, plaintiff sent a follow-up communication to HR VP True and reiterated her request that her pay be equalized with her male counterpart's salary because they performed comparable and equal work.

Page 6 **AMENDED COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

31. On July 19, 2019, the HR VP True called another meeting, this time with plaintiff's supervisor, Mehdi Tabrizi, present. Tabrizi conveyed his disappointment in plaintiff for raising pay inequities. HR VP True advised plaintiff that defendant would not equalize plaintiff's salary with the UX Director's salary.

32. In August 2019, plaintiff received a performance evaluation from supervisor Tabrizi in which he recommended that plaintiff continue to work with an executive coach despite no prior history of performance issues.

33. On December 4, 2019, plaintiff resigned her employment, after securing subsequent employment, due to her employers' failure to correct her discriminatory workplace environment, based on sex, and ongoing pay inequities due to her gender.

## FIRST CLAIM FOR RELIEF
### Equal Pay Act of 1963, 29 U.S.C. § 206(d)

34. Plaintiff incorporates by reference the allegations in paragraphs 1-33 above.

35. Based on information and belief, defendants pay women less than men for comparable and equal work.

36. In violation of 29 U.S.C. § 206(d), defendants discriminated against plaintiff, on the basis of sex, by paying wages to plaintiff and other female employees at a rate less than the rate at which defendants pay wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

37. Defendants' failure to compensate plaintiff and other female employees was a willful violation.

38. Pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 255, plaintiff requests unpaid wages, in the amount of $156,402.00, other economic benefits of employment, out-of-pocket expenses, plus interest, and an equal amount in liquidated damages, for the prior three (3) year period.

39. Pursuant to 29 U.S.C. § 216(b), plaintiff seeks reasonable attorney fees and costs to litigate this action.

## SECOND CLAIM FOR RELIEF
### Employment Discrimination on the Basis of Sex, 42 U.S.C. § 2000e-2(a)

40. Plaintiff incorporates by reference the allegations in paragraphs 1-33 and 35-37 above.

41. In violation of 42 U.S.C. § 2000e-2(a), defendants discriminated against plaintiff, on the basis of sex, as by:

(A) limiting, segregating, or classifying plaintiff in ways which deprived plaintiff of employment opportunities or otherwise adversely affect her status as an employee, because of her sex;

(B) discriminating against plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her sex;

Page 8 **AMENDED COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

      (C) maintaining a hostile work environment, which was severe and pervasive, based on sex; and

      (D) by constructively discharging plaintiff.

42. Plaintiff's reasonably believed that her work conditions were so intolerable that she felt compelled to resign.

43. Pursuant to 42 U.S.C. § 2000e(5)(g), plaintiff is entitled to economic damages, including but not limited to unpaid wages, in the amount of $104,268.00, other economic benefits of employment, and out-of-pocket expenses, plus interest, for the two year period immediately preceding the filing of a complaint.

44. Pursuant to 42 U.S.C. § 1981a(a)(1), plaintiff is entitled to compensatory damages, in the amount of $250,000.00, for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation.

45. Pursuant to 42 U.S.C. § 2000e(5)(k), plaintiff seeks reasonable attorney fees, costs, expert fees and disbursements.

### THIRD CLAIM FOR RELIEF
### (State Law Claim for Oregon Equal Pay Act, ORS 652.220)

46. Plaintiff incorporates by reference the allegations in paragraphs 1-33, 35-37 and 41-42 above.

47. Based on information and belief, defendants have not, in good faith, completed an equal-pay analysis of defendants' pay practices within (3) three years before the date that

Page 9 **AMENDED COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

plaintiff filed an action.

48. Defendants' failure to correct plaintiff's discriminatory workplace conditions, including but not limited to pay inequities, after plaintiff repeatedly reported unequal workplace treatment to upper management, amounts to a constructive discharge.

49. In violation of ORS 652.220(1)(b), defendants paid wages to plaintiff at a rate less than that at which defendants paid wages to a male employee for work of comparable character, the performance of which required comparable skills.

50. On information and belief, in violation of ORS 652.220(1)(a), defendants discriminated between the sexes, including but not limited to plaintiff, in the payment of wages for work of comparable character, the performance of which requires comparable skills.

51. Pursuant to ORS 652.230(1), plaintiff seeks the recovery of the amount of unpaid wages to which plaintiff is entitled, for the one year period preceding the filing of a BOLI complaint, in the amount of $52,134.00, other economic benefits of employment, out-of-pocket expenses, plus interest, and an additional equal amount as liquidated damages.

52. Pursuant to ORS 652.235(1), plaintiff seeks compensatory damages, in the amount of $250,000.00, for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation.

53. Pursuant to ORS 652.230(2), plaintiff seeks reasonable attorney fees, costs and disbursements.

**FOURTH CLAIM FOR RELIEF**

**(State Law Claim for Unlawful Employment Practices on the Basis of Sex, ORS 659A.030(1))**

54. Plaintiff incorporates by reference the allegations in paragraphs 1-33, 35-37, 41-42 and 47-48.

55. In violation of ORS 659A.030(1)(b), defendants discriminated against the plaintiff in compensation or in terms, conditions or privileges of employment by:

    (A) maintaining a hostile work environment, which was severe and pervasive, on the basis of sex;

    (B) failing to promptly investigate, and take immediate and appropriate corrective action against plaintiff's supervisor for his actions to create a discriminatory work environment;

    (C) failing to take prompt and effective action to eliminate discriminatory workplace conditions;

    (D) applying different terms, conditions and privileges of employment to plaintiff based on her sex and

    (E) compensating men and women differently based on their sex.

56. In violation of ORS 659A.030(1)(a), defendants constructively discharged plaintiff by intentionally creating and maintaining discriminatory workplace conditions, based on sex, which a reasonable person would find intolerable. Defendants knew or should have known that plaintiff would resign her employment due to their creation and maintenance of

Page 11 **AMENDED COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

discriminatory work conditions and plaintiff, in fact, resigned her employment as a result.

57.     Pursuant to ORS 659A.885(1), plaintiff requests economic damages for unpaid wages, in the amount of $104,268.00, other economic benefits of employment and out-of-pocket expenses, plus interest, for the two year period immediately preceding the filing of a complaint.

58.     Pursuant to ORS 659A.885(3)(a), plaintiff requests compensatory damages, in the amount of $250,000.00, for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation.

59.     Plaintiff hired legal counsel to prosecute her claim and is entitled to reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885(1).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the court to order the following relief:

1. Assume jurisdiction over each of the causes set forth herein.

2. Order defendants to make plaintiff whole by compensating her for economic damages as follows, or in amount to be determined at trial:

A.      For Claim No. 1, Federal Equal Pay Act of 1963, unpaid wages in the amount of $156,402.00, other economic benefits of employment and out-of-pocket expenses, plus interest, and an equal amount in liquidated damages, for the prior three (3) year period;

B.      For Claim No. 2, Title VII of the Civil Rights Act of 1964, economic damages, including but not limited to unpaid wages, $104,268.00, other economic benefits of employment and out-of-pocket expenses, plus interest, for the two (2) year period immediately preceding the

Page 12 **AMENDED COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

filing of a complaint.

   C. For Claim No. 3, Oregon Pay Equity Act, unpaid wages, in the amount of $52,134.00, and other economic benefits of employment and out-of-pocket expenses, plus interest, for the one (1) year period preceding the filing of a BOLI complaint, and an equal amount as liquidated damages; and

   D. For Claim No. 4, Unlawful Employment Practices on the Basis of Sex, ORS 659A.030(1), unpaid wages in the amount of $104,268.00, other economic benefits of employment and and out-of-pocket expenses, plus interest, for the two (2) year period immediately preceding the filing of a complaint.

   3. Order defendants to make plaintiff whole by compensating her for non-economic damages for emotional and mental distress, degradation, loss of reputation, loss of self-esteem, embarrassment and humiliation, for each of claims 2, 3 and 4, in the amount of $250,000.00;

   4. Reasonable attorney fees, expert fees, costs and disbursements, pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 2000e(5)(k), 652.230(2) and ORS 659A.885(1); and

   5. Any other relief the Court deems appropriate.

///

///

///

///

///

Page 13 **AMENDED COMPLAINT**  Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this Amended Complaint.

Dated this 3rd day of June, 2020.

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**

s/ Diane S. Sykes
Diane S. Sykes, Attorney at Law, P.C
5911 S.E. 43rd Avenue
Portland, Oregon 97206
diane@dianessykeslaw.com
Ph: 503-504-7176

Of Attorneys for Plaintiff Erin O'Brien